JOHN P. HARTIGAN, *Atty. Gen. ex rel. vs.* LOUIS W. CAPPELLI, *Secretary of State.*

DECEMBER 3, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J.    This is a petition for an injunction brought by the attorney general on the relation of a qualified elector of the city of Cranston to restrain the respondent as secretary of state from placing on the official ballot for the election on November 6 the name of Alice Thompson Smith as a candidate for the office of senator from said city, under the party designation "Independent."    Within the time limited by statute for the filing of such papers, there were filed with the secretary of state ten sets of nomination-papers which were signed by the requisite number of qualified electors to place in nomination said Alice Thompson Smith for the office of senator from Cranston.    Under the heading "Party or Political Principle Represented" there was written "Republican Independent" and through the word "Republican" a pen had been drawn several times in an evident attempt to eliminate the same.

It is provided in Section 15, Chapter 11, G. L. 1923, that on certificates of nomination and nomination-papers the word "Republican" or "Democrat" shall not be combined with any other word or words.    The papers were, therefore, invalid unless the defect was cured by scratching out the word "Republican."    Any material alteration in nomination-papers, made without the consent of the signers, renders them invalid.    We are of the opinion that the scratching out of the word "Republican" without the consent of the signers of the papers was a material alteration, if such word was on the papers when they were signed, as some of them

might not have signed unless the word "Republican" appeared thereon.

Five of the persons who obtained signatures testified that, on the papers which they circulated, the word "Republican" did not appear. Alice Thompson Smith testified that after the papers were signed she wrote the word "Republican" on each of the ten papers; that when she presented them to the clerk of the board of canvassers for certification as to the qualifications of the signers (G. L. 1923, C. 11, s. 14) she was informed that her papers were invalid by reason of the word "Republican" appearing as part of the party designation; and that she then and there drew her pen through said word and in this she is corroborated by other witnesses. The clerk of said board testified positively that when the papers left his office, after he had certified thereon as to the qualifications of the signers, no such erasures had been made. When he learned, which was the following day, that there were erasures on the papers when filed with the secretary of state, he immediately wrote that official that such erasures were not on the papers when they were taken from his office.

Eleven signers of the nomination-papers testified that the word "Republican" appeared on the same when they affixed their signatures thereto and some of them testified that otherwise they would not have signed.

The witnesses on each side impressed the court with their sincerity and we are unable to determine with any degree of certainty which side is in the right.

When a material alteration appears on the face of nomination-papers, it must clearly appear that the papers, as filed with the secretary of state, were the same in all material particulars as they were when signed by the persons whose signatures appear thereon, and the burden of proof is on the party seeking to make use of such papers to establish this as a fact. This burden we do not think has been sustained.

Inasmuch as the prayer for an injunction has been previously granted in our rescript filed October 25, 1934, no further order or decree is now required.

SWEENEY and HAHN, JJ., agree with the conclusion that the petition must be granted for this reason: The candidate, Mrs. Smith, testified that, after the voters had signed her nomination papers, she intentionally changed on them the "party principle" she represented. This change was a material one and rendered the nomination-papers void because her new "party principle" designated thereon was in direct conflict with the statute above cited which provides that the word "Republican or Democratic" shall not be combined with any other word or words. These words are clear and explicit and there is no doubt as to their meaning.

*William A. Needham*, for petitioner.

*William W. Moss, Assistant Attorney General, Thomas P. Cooney*, for respondent.